UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALI DUKUREN,

                    Petitioner,                     Case No. 1:26-cv-1269

v.                                           Hon. Hala Y. Jarbou

UNKNOWN PARTY,

                    Respondent.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

---

[1] The Court will substitute Kevin Raycraft, ICE Detroit Field Office Director, for Respondent Unknown Party.

not be granted. (Order, ECF No. 5.) Respondents filed their response on April 27, 2026. (ECF No. 6.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of The Gambia. (Anderson Decl. ¶ 4, ECF No. 6-1, PageID.29.) On January 7, 2027, Petitioner applied for admission into the United States at the Hidalgo, Texas Port of Entry. (*Id.*) Customs and Border Protection agents originally detained Petitioner, charging Petitioner with under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), but on May 3, 2017, Petitioner was released from custody on a $15,000 bond. (*Id.*, ¶¶ 5–10.)

On February 6, 2025, ICE agents arrested Petitioner. (*Id.*, ¶ 18, PageID.31.) Petitioner appeared before the Detroit Immigration Court on December 9, 2025, at which time an Immigration Judge ordered Petitioner removed to The Gambia. (*Id.*, ¶26, PageID.32–33.) Petitioner did not file a timely appeal of that order, rendering Petitioner's order of removal final on January 19, 2026. (*Id.*)

On January 30, 2026, Petitioner was scheduled to meet with an official from the consulate of The Gambia to complete an identification interview; however, Petitioner refused to participate. (*Id.*, ¶ 30, PageID.33–34.) Petitioner is currently detained awaiting an additional national identification interview with the Government of The Gambia. (*Id.*, ¶ 35, PageID.34–35.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.     Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (Pet., ECF No. 1, PageID.6; Resp., ECF No. 6, PageID.17.) Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful because "[t]here is no assurance that [he] will be deported or accepted back into [his] country." (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Resp., ECF No. 6, PageID.22.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on August 21, 2012. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government

must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has been detained less than six months after his order of removal became administratively final. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner contends only that there is no "assurance" that he will be deported or accepted into his country of origin. (Pet., ECF No. 1, PageID.6.) However, Petitioner provides the Court with no facts that would suggest that that "there is no significant likelihood of removal

---

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

4

in the reasonably foreseeable future" other than his own refusal to participate in the scheduled identification interview. *Zadvydas*, 533 U.S. at 701. Petitioner's assertion, without more, is insufficient to meet Petitioner's burden to "prove" that Petitioner's deportation is not reasonably foreseeable. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**V.      Other Claims and Other Forms of Relief**

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: May 1, 2026                          /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE

5
